UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OPERA MOORE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:15-CV-1852 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In the instant motion, movant claims that the new Supreme Court case of Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015), decided in June of 2015, should be applied to his case in order to reduce his sentence. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA.

On February 27, 1996, movant was found guilty by a jury of felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e) ("Count I") and possession of an unregistered firearm, pursuant to 26 U.S.C. § 5861(d) and 26 U.S.C. § 5871 ("Count II"). See United States v. Moore, No. 4:95-CR-403 CAS (E.D. Mo. 1996). On August 16, 1996, movant was sentenced to a term of imprisonment of 300 months on Count I and 120 months' imprisonment on Count II, to be served concurrently for an aggregate term of imprisonment of 300 months. Movant's imprisonment was also to be served consecutively to a 46-month term of imprisonment he received on May 24, 1991 after pleading guilty to possession of an unregistered

firearm in United States v. Moore, No. 4:90-CR-201 RWS (E.D. Mo. 1991).[1] Movant's full term of imprisonment was to be followed by 3 years supervised release as to Count I and 2 years supervised release as to Count II, to run concurrently for an aggregate term of 3 years supervised release. Movant appealed his conviction and sentence, and the United States Court of Appeals for the Eighth Circuit affirmed on March 13, 1997. See United States v. Moore, 108 F.3d 878 (8th Cir. 1997).

On March 11, 1998, movant filed his first motion to vacate his sentence in this Court. See Moore v. United States, No. 4:98-CV-414 SNL (E.D. Mo. 1998). On September 22, 1998, the Court denied movant's motion to vacate, and movant immediately sought an application for a certificate of appealability from the Eighth Circuit Court of Appeals. See Moore v. United States, No. 98-4044 (8th Cir. 1999). The Eighth Circuit denied movant's request. On May 12, 2008, movant filed a motion to reduce his sentence pursuant to Amendment 782 of the Sentencing Guidelines/"Drugs Minus Two," which this Court denied on July 21, 2008.

Under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

---

[1] Movant was released on May 6, 1994 on supervised release. His supervised release was revoked on December 28, 1994 and he was sentenced to 24 months' imprisonment at that time.

Movant submitted his successive § 2255 motion without the required certification. When a second or successive habeas petition is filed in a district court without the authorization of the court of appeals, the court should dismiss it, or, in its discretion, transfer the motion to the appellate court so long as it is in the interests of justice. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002).

As this matter is time sensitive and it appears movant has a tenable claim for relief under Johnson, the Court finds it is in the interest of justice to transfer movant's petition to the Eighth Circuit Court of Appeals as a request to file a second or successive § 2255 motion based on Johnson, and its new law ruling. See, e.g., Menteer v. United States, 806 F.3d 1156 (8th Cir. 2015).

Accordingly,

**IT IS HEREBY ORDERED** that the instant motion to vacate is **DENIED**, without prejudice, because movant did not obtain permission from the Eighth Circuit Court of Appeals to bring the motion in this Court. See 28 U.S.C. § 2255(h). [Doc. 1]

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** the instant motion to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  31st  day of December, 2015.